SHARON C. COLLIER (State Bar No. 203450)
scc@severson.com
NICHOLAS R. O'BRIEN-KOVARI (State Bar No. 291409)
nro@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants BENNETT TRUCK TRANSPORT, LLC and RICHARD C. RAYBURN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. KING and JAMIE KING,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BENNETT TRUCK TRANSPORT, LLC; RICHARD C. RAYBURN; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.<br><br>[Trinity County Case No. 20CV 133; Filed October 21, 2020]<br><br>**DEFENDANTS RICHARD C. RAYBURN'S AND BENNETT TRUCK TRANSPORT, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]**<br><br>Action Filed:   October 21, 2020<br>Trial Date:     N/A |

**TO THE HONORABLE JUDGES AND CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendants BENNETT TRUCK TRANSPORT and RICHARD C. RAYBURN hereby remove to this Court the state court action described below:

**I.   STATUS OF PLEADINGS**

On or about October 21, 2020, plaintiffs MATTHEW D. KING and JAMIE KING (hereinafter "Plaintiffs") filed a Complaint against BENNETT TRUCK TRANSPORT, LLC and RICHARD C. RAYBURN (hereinafter "Defendants") in the Trinity County Superior Court of California, entitled MATTHEW D. KING v. BENNETT TRUCK TRANSPORT, LLC,

13136.0009/15899242.1

DEFENDANTS RICHARD C. RAYBURN'S AND BENNETT TRUCK TRANSPORT, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]

RICHARD C. RAYBURN and DOES 1-50, inclusive, Case No. 20CV 133 (hereinafter the "Complaint") (Request for Judicial Notice in Support of Defendant's Notice of Removal ("RJN"), Exhibit A). The Complaint alleges a cause of action for negligence. (*Ibid*).

The Complaint alleges that on or about October 25, 2018, Plaintiff Matthew King was traveling eastbound on California State Route 299 in the County of Trinity. (RJN, Ex. A). Plaintiffs allege that Defendant Rayburn negligently operated a tractor-trailer transporting an oversized mobile home such that it crossed over the center double yellow lines into Plaintiff Matthew King's lane of travel. (*Ibid*). Plaintiff Matthew King alleges that this caused him to "take evasive action in an attempt to avoid striking Defendants [sic] trailer, which caused his vehicle to roll." (*Ibid)*. Plaintiff alleges Defendant Rayburn was negligent. (*Ibid*). Plaintiffs allege that as "a direct, proximate, immediate, and foreseeable result of the negligence of the Defendants, and each of them," Plaintiff Matthew King alleges that he "was injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person." (*Ibid*). The Complaint seeks compensatory damages, including hospital and medical expenses, lost wages, loss of earning capacity, and general damages. (*Ibid*).

Defendants filed a timely Answer to Plaintiffs' Complaint on July 2, 2021. (RJN, Ex. B). In the Answer, Defendants asserted a general denial, as well as various affirmative defenses. (*Ibid*).

All defendants have been served, and thus no consent is required for removal. (*Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011)).

Since this action was commenced in the Trinity County Superior Court, removal to the Eastern District of California is appropriate, pursuant to the Local Rules of the United States District Court, Eastern District of California, Local Rule 120(d).

**II.     STATEMENT OF JURISDICTION**

This civil action involves parties who are citizens of different states and the amount in controversy exceeds $75,000. (O'Brien-Kovari Dec. ¶ 5, Exhibit A). Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332, and has the power to remove this matter to this Court pursuant to 28 U.S.C. § 1441(b).

**A.     Complete Diversity of Citizenship**

In order to invoke federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, complete diversity of citizenship must exist between the parties. (*Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014)). Here, Plaintiffs, Defendant Rayburn, and Defendant Bennett are citizens of different states. Defendant Rayburn is a citizen of Oregon. Bennett Truck Transport is a citizen of Georgia. Thus, diversity of citizenship exists between the parties.

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Where the complaint does not identify the plaintiff's domicile, that fact must be set forth in defendant's notice of removal. (*See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004)).

Here, Plaintiffs are residents of the state of California. In the Complaint, Plaintiffs allege that they, Matthew D. King and Jamie King, "are, and at all times herein were, a married couple Residing in Shasta County, California." (RJN, Ex. A). Accordingly, Plaintiffs are citizens of the State of California.

Here, Defendant Richard C. Rayburn is a citizen and resident of the State of Oregon. Plaintiffs' Complaint alleges that "at all times pertinent hereto, Defendant, RICHARD C. RAYBURN, was a resident of Jackson County, Oregon." (RJN, Ex. A). Thus, Defendant Richard C. Rayburn is properly considered a citizen of the State of Oregon.

In order to ascertain the citizenship of a corporation, courts look to the state of incorporation, and the state where the corporation has its principal place of business. (28 U.S.C. § 1332(c)(1)). Here, Bennett Truck Transport is a corporation formed and incorporated under the laws of the State of Georgia. (RJN, Ex. C). Moreover, Bennett is headquartered and maintains its principal place of business at 1001 Industrial Parkway, McDonough, Georgia 30253. (RJN, Ex. D). Accordingly, Bennett Truck Transport was a the time of the incident and is now properly considered a citizen of the State of Georgia.

1    As such, diversity-of-citizenship exists between the parties.

2    **B.    <u>No Resident Defendants</u>**

3    Pursuant to 28 U.S.C. § 1441(b)(2), when removing a case to federal court on the basis of
4    diversity jurisdiction, none of the defendants may be "citizens of the State in which such action is
5    brought." Defendant Rayburn is a citizen of Oregon. (RJN, Ex. A). Defendant Bennett Truck
6    Transport is a citizen of Georgia, as are all of Defendant Bennett Truck Transport, LLC's parent
7    and grand-parent companies. (RJN, Ex. C, Ex. D, Ex. E, Ex. F, Ex. G). There are no other
8    defendants in this action. (RJN, Ex. A*).* Thus, complete diversity exists because no defendant
9    resides in the State of California.

10    **C.    <u>Amount in Controversy</u>**

11    Pursuant to 28 U.S.C. § 1332(a), in order to invoke diversity jurisdiction, the amount in
12    controversy must exceed $75,000, exclusive of interests and costs. When a plaintiff fails to
13    "specify a particular amount of damages" in the complaint, the removing party is required to
14    establish that it is "more likely than not" that the amount in controversy exceeds the statutory
15    amount. (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *McPhail v. Derre & Co*, (10th
16    Cir. 2008) 529 F.3d 947, 954 (removing defendant must prove by a preponderance of the evidence
17    that the amount in controversy is satisfied)). In making that determination, courts consider
18    compensatory costs, including general and special damages, as well as attorney fees. (*Meisel v.*
19    *Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005)). Courts also consider "other
20    papers" not filed with the court. (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d 1136,
21    1140 (9th Cir. 2013) (demand letter qualified as "other paper")). The amount in controversy is
22    merely an estimate of the total amount in dispute; it is not a prospective assessment of the
23    defendant's liability. (*Lewis v. Verizon Communications, Inc.,* 627 F.3d. 395, 400 (9th Cir. 2010)).

24    Moreover, a Plaintiff's concession that the amount in controversy exceeds $75,000 is
25    sufficient to establish diversity jurisdiction upon this Court. (See *Singer v. State Farm Mut. Auto*
26    *Ins. Co.*, 116 F.3d 373, 376 ("…where state law prohibited plaintiff from stating the amount in
27    controversy in the complaint, the district judge has discretion to accept the admission as
28    establishing it. Otherwise, we would be adopting the illogical position that a plaintiff can establish

1 the amount in controversy by an ad damnum, but not by a formal admission against the plaintiff's

2 interest in choice of forum."). Such a concession is tantamount to a plaintiff expressly alleging

3 damages in excess of the jurisdictional amount, which we accept as the amount in controversy if

4 done in good faith. (*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551

5 (2014)). A stipulation filed prior to removal can support the grounds for removal. (See *Lior v. Sit*,

6 913 F.Supp.868 (D. N.J. 1996)).

7       In the present case, Plaintiffs failed to specify a specific amount of damages in their

8 Complaint. (See RJN, Ex. A). However, after Plaintiffs initiated this lawsuit, during written

9 discovery, Defendants propounded a request that Plaintiffs admit that their damages exceed

10 $75,000. (O'Brien-Kovari Dec. ¶ 5, Exhibit A). Plaintiffs responded with an admission that their

11 damages exceed $75,000. (*Ibid*).

12       Accordingly, despite the lack of clarity in the Complaint, the amount in controversy

13 exceeds the jurisdictional minimum in light of Plaintiffs' admission. (O'Brien-Kovari Dec. ¶ 5,

14 Exhibit A). The significant injuries and damages Plaintiffs are claiming corroborate that the

15 amount in controversy exceeds $75,000. (RJN, Ex. A).

16 **III.**     **TIMELINESS OF REMOVAL**

17       Pursuant 28 U.S.C. § 1446(b), if it is not clear by the initial pleading that the case is

18 removable, "a notice of removal may be filed within thirty days after receipt by the defendant,

19 through service or otherwise, a copy of [a]…paper from which it may first be ascertained that the

20 case is one which is or has become removable…" The 30-day time limit within which a defendant

21 can remove an action to federal court does not begin until the defendant(s) have received notice of

22 the facts supporting removal. (*Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081, 1089-1090).

23       Here, Plaintiffs' Complaint did not identify an amount of damages, and Defendants were

24 therefore unable to determine whether this matter was removable at that time. (RJN, Ex. A).

25 However, on September 10, 2021, Defendants received written discovery responses from

26 Plaintiffs admitting that their damages exceed $75,000. (O'Brien-Kovari Dec. ¶ 5, Ex. A).

27 September 10, 2021 was the first time Plaintiffs indicated that their damages exceeded $75,000.

28 (*Ibid*). Prior to September 10, 2021, when Defendants received the admission from Plaintiffs,

13136.0009/15899242.1                                              5
DEFENDANTS RICHARD C. RAYBURN'S AND BENNETT TRUCK TRANSPORT, LLC'S NOTICE OF
REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]

1  Plaintiffs' counsel specifically asserted that he was unsure whether the damages exceeded

2  $75,000. (O'Brien-Kovari Dec.¶ 5, Ex. A).

3  Thus, because Defendants first received notice that Plaintiffs are diverse from Defendants,

4  and that the amount in controversy exceeds the jurisdictional minimum therefore making this

5  matter removable under 28 U.S.C. § 1446, on September 10, 2021, the 30-day timeline for

6  removal did not begin until September 10, 2021. Accordingly, Defendants have timely and

7  promptly filed this petition for removal.

8  **IV.    JOINDER OF ALL DEFENDANTS**

9  In order to effectuate removal, all defendants must join in the notice of removal. (*Emrich v.*

10  *Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988)). In this case, the only named

11  Defendants are Bennett Truck Transport and Richard C. Rayburn. (RJN, Ex. A). The only other

12  defendants are fictitiously named "Does." (See O'Brien-Kovari Dec). All named Defendants are

13  seeking removal. (*Ibid*). Accordingly, this Notice of Removal is proper.

14  **V.    VENUE**

15  Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court

16  is the United States District Court for the district corresponding to the place where the state court

17  action was commenced.

18  **VI.    NOTICE TO PLAINTIFFS**

19  Defendants' Notice to Adverse Parties of Notice of Removal is being contemporaneously

20  filed in Case No. 20CV133 of the Trinity County Superior Court and served on Plaintiffs.

21  WHEREFORE, Defendants Richard C. Rayburn and Bennett Truck Transport, Inc. pray

22  that the above-entitled action, currently pending in the Trinity County Superior Court of

23  California, be removed to the United States District Court for the Eastern District of California,

24  and that this action proceed in this Court as an action properly removed there.

25  / / /

26  / / /

27  / / /

28  / / /

1  DATED:  September 21, 2021      SEVERSON & WERSON
   A Professional Corporation

   By: _____
       NICHOLAS R. O'BRIEN-KOVARI

   Attorneys for Defendants BENNETT TRUCK
   TRANSPORT, LLC and RICHARD C. RAYBURN

13136.0009/15899242.1      7

DEFENDANTS RICHARD C. RAYBURN'S AND BENNETT TRUCK TRANSPORT, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]